The order below is hereby signed.

Signed: June 7 2016



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
              UNITED STATES BANKRUPTCY COURT
                FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
SONYA L. OWENS,                )   Case No. 16-00043
                               )   (Chapter 13)
            Debtor.            )   Not for publication in
                               )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER SETTING A DEADLINE FOR THE DEBTOR
TO FILE A MOTION TO REOPEN THE CASE IN ORDER TO PURSUE AN APPEAL

This addresses the debtor's untimely notice of an appeal from this court's order dismissing this bankruptcy case. The case was closed after the dismissal and before the filing of the notice of appeal. The case remains closed, and the debtor has not filed a motion to reopen the case in order to have an open case within which to pursue the appeal.

I

The case was dismissed by an order entered on April 7, 2016. Under Fed. R. Bankr. P. 8002(a)(1), the 14-day deadline for filing a notice of appeal was April 21, 2016. Under Fed. R. Bankr. P. 8002(d)(1)(A), the deadline for filing a motion to extend the time to appeal was May 12, 2016 (21 days after the appeal deadline). No motion was filed to extend the time to

appeal, and under Fed. R. Bankr. 9006(b)(3) such an extension may no longer be granted because none was timely sought under Rule 8002(d)(1)(A).  On May 19, 2016, the debtor filed an untimely notice of appeal of the order dismissing the case.[1]

## II

The clerk closed this case on April 27, 2016, and the notice of appeal was filed later.  Pursuant to 11 U.S.C. § 350(b), "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."  The debtor has not filed a motion to reopen the case in order that she may pursue the notice of appeal.

Under item (11) of the Miscellaneous Fee Schedule, issued in accordance with 28 U.S.C. § 1930, a $235 fee is owed for filing a motion to reopen a chapter 13 case unless the court waives the fee.  Here, incurring that expense to attempt to obtain a reopening of the case in order to pursue an untimely appeal would

---

[1] Even if the dismissal order could not be considered a "separate document" because it included citations to statutory provisions upon which the order rested, the appeal was untimely. The motion to dismiss was a "contested matter" under Fed. R. Bankr. P. 9014.  The "separate document" requirement of Fed. R. Bankr. P. 7058 and Fed. R. Civ. P. 58 did not apply.  Instead, Fed. R. Bankr. P. 9021 applied, making the dismissal order applicable upon its entry for purposes of the time to take an appeal. *See In re Kyung Sook Kim*, 433 B.R. 763, 772 (D. Haw. 2010) (the amendment of Rule 9021, effective December 1, 2009, made "clear that the separate-document requirement does not apply outside of adversary proceedings," quoting Report of the Judicial Conference, Committee on Rules of Practice and Procedure (September 2008), at 18).

appear to be pointless.

In any event, if the debtor were to file a motion to reopen, the motion would likely be denied. In *Murphy v. U.S. Dept. of Educ. (In re Murphy)*, 547 B.R. 875, 878-79 (Bankr. W.D. Pa. 2016), the court denied a motion to reopen a bankruptcy case for purposes of allowing pursuit of an untimely appeal. The court noted that:

> The burden is on the movant to demonstrate that the case should be reopened. *See In re Janocha*, No. 06-20191JAD, 2015 WL 128152, at *2 (Bankr. W.D. Pa. Jan. 8, 2015). Where it is futile or a waste of judicial resources to reopen the case, including when the movant cannot ultimately obtain the substantive relief which he seeks, there is no reason to grant the motion. *See id.* In determining whether it is appropriate to reopen a case, the bankruptcy court has broad discretion. *See id.*

*Id.* at 878-79. The court then noted that "the time to file a bankruptcy appeal is jurisdictional thus depriving reviewing courts of jurisdiction over an untimely appeal. *See In re Caterbone*, 640 F.3d 108, 109, 113 (3d Cir. 2011)." *In re Murphy*, 547 B.R. at 880. Accordingly, the court reasoned that reopening a case to pursue a time-barred notice of appeal "would be futile and a waste of judicial resources." *Id.* The court in *Murphy* thus denied a motion to reopen the bankruptcy case for purposes of allowing pursuit of an untimely appeal. Here, unless the debtor showed that the court is wrong in treating the notice of appeal as untimely, the reasoning in *Murphy* would appear to warrant denying any motion to reopen the debtor might file in this case.

III

Here, no motion to reopen has been filed but such a motion is required if the debtor is to pursue an appeal of the order dismissing the case.  Accordingly, I will strike the notice of appeal unless the debtor, within 14 days after entry of this order, files a motion to reopen the case (effective as of the date of filing the notice of appeal), showing cause why the case should be reopened.  If the debtor timely files a motion to reopen, and the court denies that motion, the notice of appeal similarly will be stricken.  If that is how things proceed, the debtor will remain free to file a timely notice of appeal from such an order denying the motion to reopen and striking the May 19, 2016 notice of appeal.

IV

It is

ORDERED that the debtor's notice of appeal filed on May 19, 2016, will be stricken if:

> (1) the debtor fails within 14 days after entry of this order, to file a motion to reopen this case in order to pursue the appeal; or

> (2) the court denies any timely-filed motion to reopen.

[Signed and dated above.]

Copies to: Debtor (by hand-mailing); Chapter 13 Trustee.

4

R:\Common\TeelSM\Judge Temp Docs\Owens (Sonya) Mem Decsn re Notice of Appeal v4.wpd