The document below is hereby signed.

Signed: July 15, 2016



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SONYA L. OWENS, | ) | Case No. 16-00043 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION RE *REPLY TO MEMORANDUM AND ORDER SETTING DEADLINE TO FILE MOTION TO RE-OPEN CASE TO PURSUE APPEAL*

The court treats the *Reply to Memorandum and Order Setting Deadline to File Motion to Re-Open Case to Pursue Appeal* filed on June 21, 2016 (Dkt. No. 54) as a motion to vacate the court's *Memorandum Decision and Order Setting a Deadline for the Debtor to File a Motion to Reopen the Case in Order to Pursue an Appeal*.

I

The *Reply* contends that the debtor's notice of appeal was timely, but the arguments in support of that contention lack merit.

A.

Once the order was entered dismissing the case, the deadline for filing a notice of an appeal from that order began to run even if there was a failure to comply with the requirement under

11 U.S.C. § 1307(c) that the court dismiss the case only "after notice and a hearing."  In any event, there was compliance with the requirement that the court act only "after notice and a hearing."  The trustee's motion to dismiss included a notice under Local Bankruptcy Rule 9013-1 of the opportunity to oppose the motion, and warned, in bolded letters, that "IF YOU FAIL TO FILE A TIMELY OBJECTION, THE MOTION MAY BE GRANTED BY THE COURT WITHOUT A HEARING."  That notice was mailed to the debtor at her address of record in accordance with Fed. R. Bankr. P. 9014(b) and 7004(b)(9).  As recognized by Fed. R. Bankr. P. 9014(a), upon which the debtor relies, all that was required was "reasonable notice and opportunity for hearing" and the court was authorized to require a response.  The court *has* required a response via Local Bankruptcy Rule 9013-1.  The debtor failed to avail herself of the opportunity for a hearing regarding the trustee's motion to dismiss, and that motion was properly granted.

An actual hearing was not required.  Under 11 U.S.C. § 102(1), the court was authorized to "act without an actual hearing."  Specifically, the § 1307(c) requirement that the case not be dismissed until "after notice and a hearing" was satisfied without an actual hearing because, in compliance with § 102(1), the trustee's notice under Rule 9014(a) was given properly and gave the debtor "opportunity for a hearing" without the debtor having availed herself of that opportunity by filing a timely

2

opposition in order to request a hearing.

B.

Neither of the Federal Rules of Bankruptcy Procedure that the debtor cites, Rules 8002(b) and 9014(b), alter the court's conclusion that the separate document requirement under Fed. R. Bankr. P. 7058 (incorporating Fed. R. Civ. P. 58) does not apply because Rule 7058 makes Rule 58 applicable only to adversary proceedings.  The motion to dismiss was not an adversary proceeding governed by part VII of the Federal Rules of Bankruptcy Procedure, and neither Rule 8002(b) nor Rule 9014(b) served to make Rule 58 applicable.  Under Fed. R. Bankr. P. 9021, the dismissal order was "effective when entered under Rule 5003," and under Rule 5003(a), the clerk entered the order on the docket on April 7, 2016, thus making the notice of appeal filed on May 19, 2016, untimely.

C.

Fed. R. Bankr. P. 9006(f) did not apply to the computation of the time to take an appeal because the Fed. R. Bankr. P. 8002 deadline to pursue an appeal was not measured from the date of service of the court's order of dismissal, but from the date of entry of that order.

II

If the debtor had timely filed a notice of appeal after the case was closed, the court would be obligated to vacate the

3

closing on its own motion.  However, when the debtor filed her notice of appeal, the case was properly in a closed status because the time to appeal had expired.  The debtor has not shown to the contrary.

The debtor has failed to file a motion to reopen the case as required by the *Memorandum Decision and Order Setting a Deadline for the Debtor to File a Motion to Reopen the Case in Order to Pursue an Appeal* before the court would consider reopening the case in order for the debtor to pursue her untimely appeal.  The court will enter an order denying the *Reply* (treated as a motion to vacate the court's *Memorandum Decision and Order Setting a Deadline for the Debtor to File a Motion to Reopen the Case in Order to Pursue an Appeal*), and deeming the debtor's notice of appeal filed on May 19, 2016, stricken as filed in a closed case so long as the case stands closed.

The order that follows will recite that the case stands reopened for the limited purpose of permitting the debtor to file a timely notice of appeal from the *Memorandum Decision and Order Setting a Deadline for the Debtor to File a Motion to Reopen the Case in Order to Pursue an Appeal* entered on June 7, 2016, or from the order that follows (or from both of them).[1]  However, the case will *not* stand reopened for the purpose of pursuing the

---

[1] If no timely notice of appeal is filed, the court will enter an order closing the case anew.

4

notice of appeal filed on May 19, 2016.  If the debtor demonstrates to the district court that the case was improperly in a closed status as of May 19, 2016 (by her demonstrating that the notice of appeal filed on May 19, 2016, was timely), the debtor may seek an order from the district court directing this court (1) to vacate the closing of the case; (2) to vacate the striking of the notice of appeal filed on May 19, 2016; and (3) to have the clerk transmit the notice of appeal filed on May 19, 2016.

III

An order follows.

[Signed and dated above.]

Copies to: Debtor (by hand-mailing); Chapter 13 Trustee.